IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COTY CONN, | ) | Case No. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | COMPLAINT AND JURY DEMAND |
| | ) | |
| CITY OF OMAHA, OMAHA POLICE | ) | |
| DEPARTMENT, CHRIS ROCK, | ) | |
| OFFICER LIEB, individually and in their | ) | |
| official capacity, jointly and severally | ) | |
| AND JANE and/or JOHN | ) | |
| DOES 1-50, individually and in their | ) | |
| Official capacity, jointly and severally | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, by and through their Attorney of Record, Christopher Pfanstiel, and by way of Complaint against Defendants, known and unknown, states and alleges as follows:

I.

## JURISDICTION

1.  This civil action is brought under 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. § 1331 and 143. This Court has supplemental jurisdiction over Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367(a).

II.

## VENUE

2. The venue in this district is proper because, upon information and belief, all Defendants either reside in or are located in the districts, and all events took place in the district.

## III.

## **PARTIES**

3. Plaintiff, Coty Conn, is a competent adult, a citizen of the United States, and a resident of the State of Nebraska.

4. Defendant City of Omaha (hereinafter "City") is and was at all times relevant to this Complaint, a municipality organized under the laws of the State of Nebraska.

5. Defendant Omaha Police Department (hereinafter "OPD"), is and was at all times relevant to this Complaint, a division ore department of the City entrusted with certain responsibilities, among others, enforcing federal, state and local laws and ordinances, and otherwise ensuring the safety of the people and property found within the jurisdictional limits of the City.

6. The Mission Statement of the Police Department includes the stated goal of maintaining order, protecting life and property, and respecting the Constitutional rights of all.

7. Defendant Chris Rock (hereinafter "Rock") is a municipal employee in the position of a police officer for the Police Department.

8. Officer Lieb (hereinafter "Lieb") is a municipal employee in the position of a police officer for the Police Department.

9. Jane and/or John Does 1-50 (hereinafter "Does") are fictitious names for any and all presently unknown persons who were at all times relevant to this Complaint, agents, representatives and/or employees of the Police Department, who were involved or in any way responsible for the events described in this Complaint. They are being sued both individually and in their official capacities.

10. Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the policies, practices and/or customs complained of herein, and/or condoned, conspired, acquiesced in adopted, and/or approved of the same, through their acts and/or failures to act.

## NATURE OF ACTION

11. This is an action for compensatory and primitive damages, for violations of Plaintiff's constitutional rights, for assault and battery, for failure to prevent assault and battery, for malicious prosecution, for negligent and intentional infliction of severe physical injury and emotional harm, and for failure to provide medical care.

## GENERAL ALLEGATIONS

12. Plaintiff was well known to Defendants OPD, Rock, Lieb, and Does. For several months, the OPD had failed in their previous attempts to locate and apprehend the Plaintiff with respect to a prior warrant.

13. That on or about June 25, 2010, Police Detective Gassaway contacted the Plaintiff's sister, Ms. Jennette Conn, inquiring of the Plaintiff's whereabouts, and stating to Ms. Conn that the Plaintiff had an outstanding arrest warrant. During said telephone conversation, Detective Gassaway suggested that the Plaintiff turn himself into the police

or "The OPD will hurt him (the Plaintiff)". Detective Gassaway further stated to Ms. Conn that Gassaway feared for the safety of the Plaintiff, stating: "U.S. Marshals are trained to peacefully apprehend fugitives and that the officers of the OPD are not adequately trained and are more likely to use extreme force during the apprehension."

14. That on or about July 3, 2010, the Plaintiff was driving a mustang registered to Robert Tomas on North Military Avenue, when Defendant Rock and his partner Defendant Lieb, who were traveling south on 30th Street apparently recognized the Plaintiff. Defendants Rock and Lieb turned their cruiser around and followed the Plaintiff. Defendants Rock and Lieb activated their cruiser lights, signaling their request for the Plaintiff to pull over. At this time, the Plaintiff made the irrational decision not to pull the vehicle over and attempt to flee from the police. A chase ensued.

15. Over the next several minutes, an unidentified number of police cruisers jointed in the chase. The chase reached a top speed of approximately 45 miles per hour. Eventually, the mustang being driven by the Plaintiff began experiencing mechanical difficulties and lost power. Two police cruisers set up a moving ramming technique called pitting and pushed the Plaintiff's vehicle into another vehicle, which was an uninvolved motorist, on the Exit Ramp of Highway 75.

16. Upon the Plaintiff's vehicle being disabled, the Plaintiff told his passenger, namely Jesse Deshane, that it was time to peacefully surrender.

17. There were in excess of fifteen (15) police cruisers and officers parked in numerous areas around the Plaintiff's vehicle and numerous officers exiting their vehicles.

18. The Plaintiff and Mr. Deshane were ordered to put their hands in the air and get out of the car. The Plaintiff and Mr. Deshane complied with the orders and raised their hands slowly and exited the car. As the Plaintiff exited the car, there were four (4) police officers in point blank range who were pointing their pistols directly at the Plaintiff. Immediately after the Plaintiff exited, he was ordered by the officers to get on the ground chest/face first, to which he complied.

19. Two officers positioned themselves on the Plaintiff's back and placed two (2) sets of handcuffs on his wrists. At this point, the Plaintiff was immobile, lying on his chest in the street, double handcuffed.

20. The Plaintiff complied with every order given by the officers and at no time did he attempt to flee from the officers or resist arrest. The Plaintiff was under arrest and under the complete control of the officers and posed no risk to the officers or the public.

21. After the Plaintiff had peacefully surrendered and complied with the officers' commands, while lying face down, double handcuffed, and being held down by two officers who had positioned themselves on the Plaintiff's back, physically unable to defend himself, numerous officers lost control and engaged in the acts of severely beating the Plaintiff to a point in which emergency hospitalization was immediately required.

22. The first form of intentional police brutality against the Plaintiff, included one unidentified officer kicking the Plaintiff in the forehead with the officer's booted foot. Another officer continued to kick the Plaintiff in the left eye with his boot, resulting in the immediate bursting of the Plaintiff's left eye orbital. Next, another officer kicked the Plaintiff in the right eye with his boot, which then resulted in the bursting of the

Plaintiff's right eye orbital. Thereafter, a number of various officers (a total of approximately 15 officers) began beating the Plaintiff severely in the head, face and body with their flashlights, boots and batons.

23. The beatings resulted in the Plaintiff's nose being severely fractured, continuous migraine headaches since the incident date, memory loss, mental confusion, and strong potential for a closed head injury, resulting in a traumatic brain injury. In addition, as a result of the two officers positioned on top of the Plaintiff's back, the Plaintiff has experienced severe back pain in the cervical and lumbar regions.

24. The injuries suffered by the Plaintiff were so severe that he required emergency medical care and hospitalization immediately after the beatings and was transported to Creighton University Medical Center Emergency Room.

25. While at Creighton University Medical Center, Defendant Rock stated his concern of the excessive force, "now we've (OPD officers) beat him (Plaintiff) so hard that he's gonna need surgery."

26. There were various other statements made by the officers indicating and confirming their vindictiveness, anger and hatred towards the Plaintiff.

27. Additional retaliation by the Defendants occurred while the Plaintiff was in his hospital room at Creighton University Medical Center. A number of police officers entered his room against the nurses' orders and began videotaping on their cellular phones, the injuries of the Plaintiff. Said officers were attempting to provoke the Plaintiff and talking into their cellular video cameras, making crude statements such as: "this is what happens when you fuck with the police," and "how does it feel to get a lesson from the police?" Two of the officers identified in the room were Defendants Rock and Lieb.


The Plaintiff's hospital room became so hostile with police officers antagonizing on the Plaintiff, that a male nurse ordered the police officers to leave the Plaintiff's room.

28. Upon removal from the hospital, the Plaintiff was transported to the Douglas County Jail. The Plaintiff has had difficulty obtaining the proper medical treatment while in the Douglas County Jail.

## FIRST CAUSE OF ACTION

### Assault and Battery

29. Plaintiff incorporates paragraphs 1 through 28 as fully set forth herein.

30. Defendants Rock, Lieb and Does, at the time and place foresaid, assaulted and battered Plaintiff with malicious intent and with an aim towards seriously harming the Plaintiff, and inflicting severe and serious physical and psychological injury upon the Plaintiff.

31. The injuries which Plaintiff sustained as a direct and proximate result of the actions of Rock, Lieb and Does have had a detrimental impact on Plaintiff's physical and mental well-being, caused the Plaintiff great pain and suffering, required him to expend substantial sums of money for medical treatment and will do so in the future. The actions of Rock, Lieb and Does were intentional, wanton, malicious and oppressive, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### Negligent, Harassment, Assault and Misconduct

32. Plaintiff incorporates paragraphs 1 through 31 as fully set forth herein.

33. The aforesaid conduct of Rock, Lieb and Does, was done in an unlawful and negligent manner without any legal just cause and in violation of state and municipal

regulations concerning the interaction of the law enforcement officers with numbers of the public.

34. At all times relevant herein, Rock, Lieb and Does were acting within the scope of their authority as police officers of the OPD and the City. The City and OPD is therefore vicariously liable to the Plaintiff.

## THIRD CAUSE OF ACTION

### Failure to Train and Supervise

35. Plaintiff incorporates paragraphs 1 through 34 as fully set forth herein.

36. Defendants City, OPD, Rock, Lieb and Does, negligently failed to train its officers in fundamental police procedures and protocol of arresting persons of interest, in that persons surrendering peacefully and being restraining should not be subject to being assault.

37. The failure to address the foregoing issues through training and supervision and to anticipate the reasonably foreseeable events on the day of July 3, 2010, constituted deliberate indifference to the constitutional rights of the citizens

38. The aforementioned lack of training and supervision represent systematic failures, which are customs and policies of the City and the OPD, and led directly to the unprovoked assault upon the Plaintiff, an innocent victim, in violation of his constutional rights.

## FOURTH CAUSE OF ACTION

### Negligent Hiring

39. Plaintiff incorporates paragraphs 1 through 38 as fully set forth herein.

40. At no time, either prior to employment of Rock, Lieb and Does or to assignment of duties whereby it was foreseeable that Rock, Lieb and Does would be required to interact with the Plaintiff, did the City and OPD take reasonable steps to ascertain whether Rock, Lieb and Does were emotionally capable of performing such duties and did not have a propensity towards violence or aggressive behavior against the Plaintiff, they were likely to encounter in those settings.

41. As a direct and proximate result of the negligent employment and/or hiring by the Defendants, Plaintiff was assaulted and battered by Rock, Lieb and Does, and suffered severe and permanent physical and psychological injuries, great pain and suffering, great emotional stress and mental anguish, and incurred a substantial deprivation of civil and constitutional rights.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983

42. Plaintiff incorporates paragraphs 1 through 41 as fully set forth herein.

43. Defendants, acting under color of state law, willfully, intentionally, knowingly and concertedly deprived Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States of America, including the Fourth and Fourteenth Amendments, by interalia:

    a) Needlessly unreasonably subjecting the Plaintiff to assault and batter;

    b) Interfering with Plaintiff's right to seek redress for injuries by attempting to cover-up and conceal for defendant officer's conduct;

    c)    Combining and conspiring to deprive Plaintiff of his constitutional protected rights;

    d)    Denying Plaintiff due process of law;

    e)    Implementing, maintaining and tolerating policies, practices and customs which resulted in the illegal actions and proximately caused Plaintiff's injuries as heretofore alleged.

44. These aforesaid violations are in violation of 42 U.S.C. § 1983 and the constitutional laws of the United States of America.

## SIXTH CAUSE OF ACTION

### Deliberate Indifference to Serious Medical Needs – 42 U.S.C. § 1983

45. Plaintiff incorporates paragraphs 1 through 44 as fully set forth herein.

46. By deliberately, intentionally, wantonly, and/or recklessly failing to provide for medical care for the seriously injured Plaintiff, Coty Conn, while he was in custody, the Defendants OPD, Rock, Lieb and Does, acting individually and together, were deliberately indifferent to Plaintiff's serious medical needs.

47. The deliberate indifference to Plaintiff's serious medical needs by the above-named Defendants acting under color of state law deprived the Plaintiff of his rights in violation of the laws of the Eight and/or Fourteenth Amendments of the Constitution of the United States and in violation of 42 U.S.C. § 1981, 1983 1985(3), and 1988.

48. As a direct and proximate result of the actions of the above-named Defendants, Plaintiff was severely injured by the use of excessive force and the subsequent deliberate indifference to his serious medical needs. As a result thereof,

Plaintiff suffered and continues to suffer from serious severe personal injuries as incurred and will in the future incur expense for medical care and treatment, was unable and will continue to be unable in the future to attend to his normal business activity and suffered and continues to suffer serious mental anguish, psychological and emotional stress, humiliation, physical pain and suffering, some or all of which may be permanent.

49. The acts and omissions of the above-named Defendants were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C. §1988

50. Plaintiff incorporates paragraphs 1 through 49 as fully set forth herein.

51. The actions of the Defendants were in violation of the Constitution and the laws of the United States and redress may be had thereunder. However, should such laws or Constitution be inadequate or deficient to compensate Plaintiff for the wrongful acts of the Defendants, Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to such additional relief as applicable under the Constitution and under the law of the State of Nebraska.

52. Pursuant to the Nebraska Tort Claims Act, the Defendants City and OPD are liable for any such deficiency.

## PRAYER FOR RELIEF

53. Plaintiff incorporates paragraphs 1 through 53 as fully set forth herein.

54. Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, as follow:

a) Where applicable, Plaintiff demands judgment for compensatory damages;

b) Where applicable, Plaintiff demands judgment for punitive damages and exemplary damages, and any and all other damages allowed by law;

c) Plaintiff demands judgment for all equitable and other relief as the Court deems just and proper;

d) Plaintiff demands judgment for attorney fees with interest an costs of this suit.

## REQUEST FOR JURY TRIAL

Plaintiff hereby request that a Jury Trial of this matter be held in Omaha, Nebraska.

Respectfully Submitted,

BY: s/ Christopher A. Pfanstiel
Christopher A. Pfanstiel, #21846
LEWIS, PFANSTIEL &
   WILLIAMS, PC, LLO
406 N. 130th Street
Suite 101
Omaha, NE 68154
Tel: (402) 502-9999
Fax: (402) 505-9896
Email: chris@LandPlaw.com
*Attorney for Plaintiff*