IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTY CONN, | |
| Plaintiff, | 8:12-CV-75 |
| vs. | MEMORANDUM AND ORDER |
| CITY OF OMAHA, et al., | |
| Defendants. | |

    This matter is before the Court on the plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum and Request for Hearing (filing 44). The motion was filed—and this case was previously continued—arising from disagreements among the parties, the United States Marshal, and the Nebraska Department of Corrections regarding who should transport—and bear the costs of transporting—the plaintiff to this civil proceeding. *See* filing 43. The Magistrate Judge entered an order asking the parties to brief the issues, but no briefs were filed. *See* filing 43. The United States Marshal and the Nebraska Department of Corrections were added as interested parties, and a hearing was held before the Court on November 7, 2013. Filing 45; filing 47; filing 50; filing 53. The parties were again directed to brief the issues before the Court. Filing 47; filing 50. That briefing is complete, although the plaintiff still failed to file a brief. Being fully advised, the Court will grant the plaintiff's motion subject to the conditions set forth below.

    The interrelated issues submitted to the Court, as presented by the plaintiff's motion, are (1) the place of trial, (2) whether the plaintiff shall attend the trial, (3) who shall bear the costs of transporting the plaintiff, and (4) who shall bear any additional costs incurred by the defendants and witnesses. At the November 7 hearing, the parties were able to agree on certain matters. It was agreed that the trial of this case should be moved from Omaha, Nebraska, to Lincoln, Nebraska. Filing 53. And the plaintiff agreed not to contest a court order that certain costs associated with transportation would be borne by the plaintiff. Filing 53.

    Based on the parties' agreement, and consistent with NECivR 40.1, the Court has already ordered that trial of this case will be in Lincoln,

Nebraska.[1] Filing 50. The Court has also already determined that the plaintiff shall be permitted to attend the trial, and that the Department of Corrections will transport him. Filing 50. Although a prisoner plaintiff has no constitutional right to be present for his civil proceeding, *see Fruit v. Norris*, 905 F.2d 1147, 1150 n.6 (8th Cir. 1990), the Court clearly has the legal authority to order production of a prisoner when it is necessary to bring him into court to testify or for trial. 28 U.S.C. § 2241(c)(5). The factors to be considered when determining whether the plaintiff's presence is necessary include the burden on the State, the existence of other alternatives, and whether the prisoner's presence will substantially aid in resolving the case. *See*, *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991); *Poole v. Lambert*, 819 F.2d 1025, 1028-29 (11th Cir. 1987); *Muhammad v. Warden*, 849 F.2d 107, 112 (4th Cir. 1988); *Ballard v. Spradley*, 557 F.2d 476, 480-81 (5th Cir. 1977); *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976). Considerations of expense, security, logistics, and docket control may prevent according a prisoner plaintiff an absolute right to be present. *Muhammad*, 849 F.2d at 111-12. But where the plaintiff's testimony is potentially critical, not only the appearance but the reality of justice are threatened by his absence. *Id.* at 111. Having considered those factors—particularly the potential importance of the plaintiff's testimony, given the nature of this litigation—the Court finds that the plaintiff's presence at trial is necessary within the meaning of 28 U.S.C. § 2241(c)(5).

But, as noted above, the plaintiff has no *right* to be present. *Fruit*, 905 F.2d at 1150 n.6. And the Court is permitted to consider the expense to the State of transporting the plaintiff, and weigh that against the need for his presence. *See Michaud*, 932 F.2d at 81; *Poole*, 819 F.2d at 1028-29; *Muhammad*, 849 F.2d at 112; *Ballard*, 557 F.2d at 480-81; *Stone*, 546 F.2d at 735-36. It is therefore appropriate to consider whether the plaintiff's presence at trial should be conditioned upon his willingness to ease the burden on the State by defraying its expense. *See Holesome v. Pontotoc Cty. Jail*, 189 F.3d 469, 1999 WL 548724, at *1 (5th Cir. 1999) (unpublished decision). The Court acknowledges well-reasoned authority holding that the Court cannot,

---

[1] Trying the case in Lincoln also resolves any jurisdictional conflict arising from Neb. Rev. Stat. § 25-1233(1), which provides that a person confined in a prison in Nebraska shall, by court order, "be produced for oral examination in the county where he or she is imprisoned. In all other cases his or her examination must be by deposition." Both the Lincoln courthouse and the correctional facility in which the plaintiff is housed are in Lancaster County, Nebraska. The Court's authority under 28 U.S.C. § 2241(c)(5) would supersede any state law to the contrary, *see Barnes v. Black*, 544 F.3d 807, 812 (7th Cir. 2008), but trying this case in Lancaster County means that production of the prisoner is required under federal *and* state law.

pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), *order* a prisoner to pay his own transportation costs.² *See*, *Rangolan v. Cty. of Nassau*, 370 F.3d 239, 248-54 (2d Cir. 2004); *Sampley v. Duckworth*, 72 F.3d 528, 529-33 (7th Cir. 1995); *Sales v. Marshall*, 873 F.2d 115, 117-21 (6th Cir. 1989) *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468-69 (9th Cir. 1983); *Story v. Robinson*, 689 F.2d 1176, 1178-82 (3d Cir. 1982); *but see Ford v. Carballo*, 577 F.2d 404, 406-08 (7th Cir. 1978). But it is equally well-established that a party may *agree* to pay costs that would not otherwise be recoverable under 28 U.S.C. § 1920. *See*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *In re Ricoh Company, Ltd.*, 661 F.3d 1361, 1366-67 (Fed. Cir. 2011); *Weitz Co. v. MH Washington*, 631 F.3d 510, 535-36 (8th Cir. 2011). The plaintiff, through counsel, has agreed to do so here. And, the Court notes, the plaintiff has retained counsel and is not proceeding *in forma pauperis*. The Court will therefore direct the plaintiff to compensate the Department of Corrections for his transportation expenses at the rates agreed to at the November 7 hearing, as set forth below.

The defendants' request for costs presents a different problem. The defendants suggest that the plaintiff should be required to pay the transportation costs of the defendants and their witnesses. Filing 52. But the recovery of witness expenses is directly addressed by federal law, and under that law, the defendants' request is at best premature.

Under Fed. R. Civ. P. 54(d), costs other than attorney's fees should be allowed to a prevailing party. Of course, the defendants are not yet prevailing parties. Even then, such awards must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.2d 591, 601 (8th Cir. 2009) (citing *Crawford Fitting Co.*, 482 U.S. at 441-42); *see also Brisco-Wade v. Carnahan*,

---

² The Court notes Neb. Rev. Stat. § 25-1233(2), which provides that when a state prisoner is produced by the Department of Corrections in a civil matter pursuant to court order, "the party who moved for the production order shall pay to the department the actual cost of security and transportation arrangements incurred by the department related to such production." The award of costs in federal court is governed by Fed. R. Civ. P. 54(d), rather than conflicting state law. *Humann v. KEM Elec. Co-op., Inc.*, 497 F.3d 810, 813 (8th Cir. 2007) (citing *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1223 (3d Cir. 1995); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2669 (1998)). But § 25-1233(2) is arguably not a fee- or cost-shifting provision so much as an independent state-law duty of *anyone* demanding a state prisoner to pay transportation expenses. *Cf. Jacob v. Schlichtman*, 753 N.W.2d 361, 366-67 (Neb. App. 2008). The Court has found no authority speaking to whether a state statute may require a prisoner to pay his own transportation expenses to a federal trial, much less authority on whether the federal court then has authority to award those expenses as costs. Given the plaintiff's agreement to absorb the costs of transportation, the Court need not decide this question.

297 F.3d 781, 782 (8th Cir. 2002). And as a general rule, parties may not normally collect witness fees. *Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994); *Maxwell v. Kerr-McGee Oil & Gas Corp.*, 793 F. Supp. 2d 1260, 1268 (D. Colo. 2011); *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 209 (D.R.I. 2008).

The defendants refer the Court to the provision of Neb. Rev. Stat. § 25-1233(2) that a party who moves for the production of a prisoner "shall pay to the department the actual cost of security and transportation arrangements incurred by the department related to such production." The defendants suggest that the term "actual cost" should be interpreted "to include the transportation costs of the defendant officers and their witnesses." Filing 52 at 5. Even if § 25-1233(2) could be enforced by this Court—a matter that, as discussed in the footnote above, the Court does not decide—there is simply no basis for the defendants' suggested reading of the statutory language. The statute, in fact, could not be more clear that the cost to be recovered is the cost "incurred by the department" and to be paid "to the department." Other parties' expenses are not addressed, and their payment is not required or even authorized by the statute.

Simply put, whether—and to what extent—the defendants' costs are recoverable is a matter to be decided, after trial, *if* the defendants are prevailing parties, pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, and NECivR 54.1. At this point, there is nothing to establish the defendants' right to recover any costs.

IT IS ORDERED:

1. The plaintiff's Motion for Writ of Habeas Corpus Ad Testificandum and Request for Hearing (filing 44) is granted. A separate writ will issue. The plaintiff's subsequently-filed Motion for Writ of Habeas Corpus Ad Testificandum (filing 54) is denied as moot.

2. The United States Marshal shall, at the courthouse, make its holding facilities available and provide all other assistance necessary to secure the plaintiff.

3. The plaintiff shall compensate the Nebraska Department of Corrections for the costs reasonably incurred in association with his transportation to trial: $15.932 per hour for 2 correctional officers until 2:00 p.m. each day, $23 per hour for those officers' overtime after 2:00 p.m., and mileage of 9

       miles from the prison to the courthouse at the federal mileage rate of $.565 per mile.

4. Unless other arrangements for payment are made, the Department of Corrections may withdraw funds from the plaintiff's trust fund account in the manner and amounts provided by 28 U.S.C. § 1915(b)(2).

Dated this 29th day of November, 2013.

                        BY THE COURT:

                        */s/ John M. Gerrard*
                        John M. Gerrard
                        United States District Judge